UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:06CR-82-S

PAUL HOLLERN                                                         DEFENDANT

**<u>COURT'S INSTRUCTION TO THE JURY</u>**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  The defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or produce any evidence at all.  The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make.  You need not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

As stated before, a defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**COUNT 1**
**Health Care Fraud**
**18 U.S.C. § 1347**

Title 18, United States Code, Section 1347, makes it a federal crime for anyone to execute, or to attempt to execute, a scheme or artifice to defraud a health care benefit program.

The defendant can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

First:     That the defendant knowingly and willfully executed or attempted to execute a scheme to defraud a health care benefit program, as charged;

Second:   That the defendant did so with an intent to defraud a health care benefit program;

Third:     That the scheme or artifice was executed in connection with the delivery of or payment for health care benefits, items, or services; and

Fourth:   That the health care benefit program was a program affecting interstate commerce.

The term "scheme or artifice to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises relating to a material fact.

A pretense or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud, provided it is made with intent to defraud.

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

A "health care benefit program" includes a private plan or contract affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

"Interstate commerce" means commerce between one state and any other state.

It is not necessary that the United States prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the alleged scheme actually succeeded in defrauding anyone.  What must be proved beyond a reasonable doubt is that the defendant knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

## COUNT 2
## Intercepting Oral Communications
## 18 U.S.C. § 2511(1)(a)

Title 18, United States Code, Section 2511(1)(a) makes it a federal crime for anyone to unlawfully intercept any oral communication.

The defendant can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

<u>First</u>:     That the defendant intentionally acquired the contents of an oral communication, or intentionally procured another person to acquire the contents of an oral communication, with the use of an electronic device;

<u>Second</u>:     That the person making the oral communication exhibited an expectation that the communication was not subject to being intercepted by an electronic device under circumstances justifying that expectation; and

<u>Third</u>:     That the interception of the oral communication was not otherwise permitted by statute.

Interception of oral communications is permitted by statute where one of the parties to the communication has given prior consent or is a party to the communication, unless such communication is intercepted for the purpose of committing any criminal act.

**COUNT 3**
**Wrongful Disclosure of Individually Identifiable Health Information**
**42 U.S.C. § 1320d-6**

Title 42, United States Code, Section 1320d-6(a)(2) and (3) (commonly known as "HIPAA"), makes it a federal crime for anyone to disclose individually identifiable health information relating to an individual.  The defendant can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

First:     That the defendant disclosed individually identifiable health information relating to another individual;

Second:   That the defendant did so knowingly; and

Third:     That the defendant made the disclosure for a purpose other than permitted by HIPAA.

"Individually identifiable health information" means any information collected from an individual, that is created or received by a health care provider that relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and identifies the individual, or with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

HIPAA permits a health care provider to disclose individually identifiable health information for the following:

1.     Conducting quality assessment and improvement activities, including outcomes evaluation and development of clinical guidelines, provided that the obtaining of generalizable knowledge is not the primary purpose of any studies resulting from such activities; population-based activities relating to improving health

- 11 -

or reducing health care costs, protocol development, case management and care coordination, contacting of health care providers and patients with information about treatment alternatives; and related functions that do not include treatment.

2.   Reviewing the competence or qualification of health care professionals, evaluating practitioner and provider performance, health plan performance, conducting training programs in which students, trainees, or practitioners in areas of health care learn under supervision to practice or improve their skills as health care providers, training of non-health care professionals, accreditation, certification, licensing, or credentialing activities.

**COUNT 4**
**Retaliation Against a Witness**
**18 U.S.C. § 1513(e)**

Title 18, United States Code, Section 1513(e) makes it a federal crime for anyone to knowingly, and with intent to retaliate against a witness for providing to law enforcement truthful information relating to the commission or possible commission of a federal offense, take action harmful to the witness.

The defendant can be found guilty of this crime only if all of the following facts are proven beyond a reasonable doubt:

First:   That the defendant knowingly took action harmful to a witness by attempting to interfere with the witness' lawful employment and livelihood as charged; and

Second:   That the defendant acted with the intent to retaliate against the witness for providing truthful information to a law enforcement officer relating to the commission or possible commission of a federal offense.

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent or associate of a defendant is intentionally directed or authorized by that defendant, or if a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice, however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate himself in some way with the crime, and intentionally participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The United States does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

The defendant is on trial only for those specific offenses alleged in the indictment.  Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.